UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER A. STERBENZ,

       Plaintiff,

v.                        Case No.  8:11-cv-1159-T-33TBM

LOIS N. ANDERSON,

       Defendant.

_____/

**ORDER**

    This cause is before the Court pursuant to Plaintiff Christopher A. Sterbenz's Motion for Summary Judgment (Doc. # 64), filed on August 14, 2012.  Defendant Lois N. Anderson filed a response in opposition to the motion (Doc. # 67) on August 28, 2012, and Plaintiff filed a reply brief with leave of the Court (Doc. # 80) on September 7, 2012.  Also before the Court is Defendant's Request for Oral Argument on Plaintiffs' Motion for Summary Judgment (Doc. # 72), filed on August 29, 2012, and Plaintiff's response in opposition (Doc. # 77), filed on August 31, 2012.  Also before the Court is Plaintiff's Motion to Strike Defendant's Late-Filed Answer to the First Amended Complaint (Doc. # 76), filed on August 30, 2012, and Defendant's response in opposition to the motion (Doc. # 84), filed on September 12, 2012.  For the reasons that follow, the Court denies Plaintiff's motion for summary

judgment, denies as moot Defendant's request for oral argument, and denies Plaintiff's motion to strike Defendant's late-filed answer.

## I.  **Background**

Plaintiff Christopher Sterbenz, a Virginia resident, is the owner of a downstairs condominium unit located in Clearwater, Florida.  Plaintiff's condominium shares a common sewer line with, and only with, the condominium unit located above it, which Defendant Lois Anderson has owned and occupied for approximately 18 years.  Since July 31, 2011, Plaintiff's condominium unit remained vacant and unoccupied, although Plaintiff visited the condominium occasionally for short periods of time to check on it.  Upon visiting his condominium on May 1, 2011, Plaintiff discovered that the unit had been flooded with raw sewage and was contaminated by black mold.  On May 2, 2011, a plumbing company hired by Plaintiff was able to clear the sewer line by retrieving a clothing garment that had been blocking the shared sewer line causing the flooding to Plaintiff's apartment.

Plaintiff initiated this action on May 25, 2011, by filing a one-count complaint against Defendant, alleging that Defendant negligently flushed clothing down her toilet which caused their shared sewer line to become blocked, resulting in

damage to Plaintiff's condominium. (Doc. # 1). Defendant filed her answer and affirmative defenses on June 20, 2011. (Doc. # 7). On November 21, 2011, the Court granted Defendant leave to file a third party complaint against Westchester Lake Condominium Association, Inc. and Ameri-Tech Realty, Inc. and Defendant filed her third-party complaint on November 28, 2011. (Doc. # 19). With leave of the Court, Plaintiff subsequently filed an amended complaint on January 3, 2012, which added counts against Westchester Lake and Ameri-Tech.[1] (Doc. # 23).

Plaintiff filed a motion for summary judgment on August 14, 2012, which in part, relies on the fact that Defendant failed to timely file a response to the amended complaint. (Doc. # 64). Upon realizing that an answer to the amended complaint was never filed, Defendant filed her answer and affirmative defenses to the amended complaint on August 15, 2012. (Doc. # 65). Plaintiff then filed a motion to strike Defendant's late-filed answer to the amended complaint on August 30, 2012. (Doc. # 76). Plaintiff's motions are now before the Court.

---

[1]     Both Plaintiff and Defendant have since resolved their claims against Westchester Lake and Ameri-Tech and those defendants have been dismissed from this action. (Doc. # 74).

## II.  Motion to Strike

### A.  Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### B.  Analysis

Plaintiff moves to strike Defendant's answer to the first amended complaint, which Defendant filed on August 15, 2012, over eight months after Plaintiff filed his amended complaint on January 3, 2012. Plaintiff contends that Defendant's answer raises affirmative defenses which the Court has already rejected and raises other defenses that Defendant "refused to articulate in discovery," that Defendant was required to

-4-

obtain leave of the Court prior to filing her answer, and that the answer was not filed in good faith.  (Doc. # 76).

In her response, Defendant attributes her failure to timely file an answer to the amended complaint to an "oversight" on her (or her counsel's) part. (Doc. # 84 at 1-2).  Defendant argues that her oversight in filing an answer constitutes excusable neglect and was not done for any improper purpose.

The determination of whether to accept a late filing based on excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).  The factors to be considered are "the danger of prejudice to the [opposing party], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id.

Defendant  points out that the amended complaint did not change any legal theories or claims against Defendant and added "only one 'new' material allegation against [Defendant]." Id. at 3.  Further, Defendant asserts that her answer to the amended complaint contains the same seven affirmative defenses that were contained in her answer to the

-5-

original complaint, which she timely filed on June 20, 2011. (Doc. # 7). Defendant also maintains that she did not change any of her responses to the allegations that were previously asserted in the original complaint. Thus, Defendant argues that Plaintiff has not been surprised by any responses or affirmative defenses contained in her answer to the amended complaint, and as such, Plaintiff has not suffered any prejudice by Defendant's late-filed answer to the amended complaint.

As noted by Defendant, the Court recognizes a strong policy favoring adjudication on the merits. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1291 (11th Cir. 2003). Striking Defendant's answer to the amended complaint would effectively render the allegations in the amended complaint admitted by Defendant, which would essentially mandate an automatic judgment in Plaintiff's favor. However, as discussed below, the Court finds that genuine issues as to material facts remain in dispute, such that Plaintiff is not entitled to summary judgment on his claims. Thus, granting the motion to strike would contravene the established policies favoring the resolution of cases on their merits, and the Court declines to do so accordingly.

III. **Motion for Summary Judgment**

    A.   **Legal Standard**

    Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

    An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

    The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions,

-7-

answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995)(citing <u>Celotex</u>, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing <u>Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981), <u>cert. denied</u>, 456 U.S. 1010 (1982).

The Court will not weigh the evidence or make findings of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Rather, the Court's role is limited to deciding

-8-

whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party.  Id.

### B.   **Analysis**

This dispute consists of a relatively simple negligence claim regarding whether Defendant negligently flushed an article of clothing down her toilet which became lodged in a sewer pipe shared with Plaintiff's condominium, causing flooding of raw sewage and significant damage to Plaintiff's condominium.

Under Florida law, which the Court applies in this diversity action, "to prove a cause of action for negligence, a plaintiff must prove that the defendant had a legal duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff incurred damages as a result."  Gibbs v. Hernandez, 810 So. 2d 1034, 1036 (Fla. 4th DCA 2002).

In his amended complaint, Plaintiff contends that "as the owner of the condominium which shares a sewer line with Plaintiff's condominium, [Defendant] owes a duty to Plaintiff to refrain from taking any action that may cause damage or injury to Plaintiff's property, which includes, but is not limited to, the obvious duty not to flush clothing or other inappropriate items down the sewer line her condominium shares

-9-

with Plaintiff's condominium." (Doc. # 23 at ¶ 18).  Plaintiff
further alleges that "by flushing clothing and other
inappropriate items down her toilet, causing a blockage of the
main sewer line, [Defendant] breached this duty owed to
Plaintiff and Plaintiff has been substantially damaged." Id.
at ¶ 19.

Plaintiff has supplied evidence, which Defendant has not
rebutted, demonstrating that the portion of the sewer line
containing the clothing blockage is shared only by Plaintiff's
and Defendant's condominiums, that Plaintiff's condominium
unit was vacant and unoccupied for 10 months prior to the
discovery of the sewer backup on May 1, 2011, and that
Plaintiff's condominium unit was in normal condition when it
was last checked on or about February 13, 2011. (Pl. Dec. Doc.
# 64-1 at ¶¶ 6, 18).  Plaintiff attests that he did not, nor
did anyone else, use the toilet in Plaintiff's condominium at
any point between July 31, 2010, and the discovery of the
backup on May 1, 2011. Id. at ¶ 6.  Additionally, Plaintiff
has provided expert testimony and reports which estimate that
the sewer blockage began approximately 30 to 60 days prior to
discovery on May 1, 2011. (Shallo Dec. Doc. # 64-3 at ¶ 6;
Koning Dep. Doc. # 78-1 at 76).  Thus, Plaintiff's expert
concluded that "it is not possible that the blockage occurred

-10-

because of objects flushed by tenants who vacated prior to August 2010, because the blockage would have been apparent close to the time of the flushing of the items, not many months or years later." (Teebagy Dec. Doc. # 64-9 at 16).

Thus, because the evidence appears to foreclose the possibility that the blockage originated in Plaintiff's condominium, Plaintiff asserts that Defendant's unit was necessarily the source of the blockage.  Further, based on Defendant's testimony that she is the only person who used the toilet in her condominium during the relevant time period, Plaintiff argues that Defendant herself was responsible for causing the blockage by flushing clothing down the toilet. (Doc. # 64 at ¶ 20).  On this basis, Plaintiff now moves for summary judgment, arguing that "as established by her own admissions and the unrebutted evidence in this case, [Defendant] is the only person with either the means or opportunity to have flushed the offending items which blocked the sewer line." Id. at 1-2.  Plaintiff asserts that there are no genuine issues of material fact that should be decided at trial, and that he is entitled to summary judgment as a matter of law.

However, the Court finds that certain material facts are in dispute such that summary judgment is inappropriate at this

time.  First, Defendant has expressly denied under oath that she flushed anything inappropriate, including the clothing found in the sewer pipe, down her toilet. (Anderson Dep. Doc. # 64-2 at 29-30, 32). Defendant argues that "for the Court to find that the garment that was found blocking the sewage pipe originated from [Defendant's] unit as requested by Plaintiff, the Court would have to find that [Plaintiff] was truthful when he testified that he did not flush the toilet in his condominium unit and that [Plaintiff] was untruthful when she testified that she did not flush the garment." (Doc. # 67 at 11). As pointed out by Defendant, "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Strickland v. Norfolk S. Ry. Co., No. 11-15589, 2012 WL 3640999, at * 1 (11th Cir. Aug. 27, 2012)(quoting Anderson, 477 U.S. at 255). Thus, "[w]here a fact-finder is required to weigh a deponent's credibility, summary judgment is simply improper." Id. at *8. Accordingly, the Court finds that summary judgment is inappropriate here where such a ruling would require the Court to improperly weigh the credibility of Defendant's testimony and reject it as untruthful. Such a determination is appropriately reserved for the jury.

The Court is mindful, however, that besides his own testimony, Plaintiff has provided expert reports which conclude that from a scientific and engineering perspective, the materials causing the blockage could not have originated in Plaintiff's condominium and that Defendant's unit must have been the source of the clothing. (Teebagy Rpt. Doc. # 64-9 at 16; Koning Rpt. Doc. # 63-6 at 12). However, Defendant has provided a report from her own expert, Randolph Blaine, in which Mr. Blaine concludes that the sewer blockage could have been caused by flushing of items from Plaintiff's condominium, from Defendant's condominium, from both Plaintiff's and Defendant's condominiums, or from "backflow at the sanitary sewer main due to flows in the sewer main that exceed the discharge capacity of the system." (Blaine Rpt. Doc. # 68 at 8). Thus, according to Defendant's expert, the clothing could have entered the sewer line shared by Plaintiff's and Defendant's condominiums, not by being flushed down the toilet of one of those condominiums, but rather, by being washed backwards through the main sewer line. Id.

Regarding this contention, Plaintiff argues that the Court should disregard Mr. Blaine's report because it "does not constitute admissible evidence." (Doc. # 64 at 15). Specifically, Plaintiff asserts that Mr. Blaine's expert

report has "important missing evidentiary foundations, [and] it is apparent from the language of the report itself that the author failed to conduct a site inspection of the condominium, failed to identify any methodology or scientific process that was employed, and is . . . unable to do anything more than to speculate as to how the sewer blockage could have resulted." Id. (internal quotations omitted).   Thus, Plaintiff is in essence asking the Court to find Mr. Blaine's expert report inadmissible under Federal Rule of Evidence 702[2] and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).[3]   However,

---

[2]    Rule 702, Fed.R.Evid., states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

[3]    In Daubert, the Supreme Court identified the following non-exclusive list of factors a court should consider when determining the admissibility and reliability of expert testimony: 1) whether the expert's methods or techniques can be or have been tested; 2) whether the technique, method, or theory has been subject to peer review and publications; 3) whether the known or potential rate of error of the technique or theory when applied is acceptable; and 4) whether the technique, method, or theory has been
                                            (continued...)

-14-

Plaintiff has not yet filed a motion to strike Defendant's expert or otherwise moved for a <u>Daubert</u> analysis or hearing regarding Mr. Blaine's report and testimony. Additionally, Defendant does not address the issue in her response. Thus, the issue of the admissibility of Mr. Blaine's report has not been adequately briefed for the Court and consequently, it would be inappropriate for the Court to rule Mr. Blaine's report inadmissible at this juncture. Accordingly, based on the expert report supplied by Defendant which creates a genuine issue as to the cause of the sewer blockage, the Court finds that Defendant has sufficiently demonstrated specific material facts that remain in dispute and which require determination at trial. Plaintiff's motion for summary judgment is therefore denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff's Motion to Strike Defendant's Late-Filed Answer to the First Amended Complaint (Doc. # 76) is **DENIED.**

(2) Plaintiff's Motion for Summary Judgment (Doc. # 64) is **DENIED.**

---

[3](...continued)
generally accepted in the scientific community.

-15-

(3)   Defendant's Request for Oral Argument on Plaintiff's

      Motion for Summary Judgment (Doc. # 72) is **DENIED AS**

      **MOOT**.

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

11th day of October, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

-16-