```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

CHRISTOPHER A. STERBENZ,

      Plaintiff,
v.                                  Case No.  8:11-cv-1159-T-33TBM

LOIS N. ANDERSON,

      Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Christopher A. Sterbenz's <u>Daubert</u> Motion to Exclude the Testimony of Randolph Blaine (Doc. # 93), Motion in Limine to Limit Defendant's Theory of the Case and Evidence to that Which She Disclosed in Discovery (Doc. # 94), and Motion for an Order Requiring Defendant to Reimburse Kenneth Teebagy, P.E. (Doc. # 97), all filed on October 15, 2012.

Also before the Court is Defendant Lois N. Anderson's Motion for Determination of Spoliation of Evidence and Appropriate Sanctions (Doc. # 92), Motion in Limine to Preclude Cumulative and Unreliable Testimony (Doc. # 95), Motion in Limine Regarding Plaintiff's Claimed Lost Wages Due to the Negligence of Defendant (Doc. # 98), Motion in Limine Regarding Mrs. Anderson's Claimed "Memory Loss" (Doc. # 99),

Motion in Limine to Prohibit Plaintiff from Calling Christian Shallo as a Witness at the Trial of this Matter (Doc. # 100), and Motion in Limine to Require Plaintiff to Elect his Damage Remedy Prior to the Trial of this Matter (Doc. # 101), all filed on October 15, 2012.

Excluding Plaintiff's motion for reimbursement of Mr. Teebagy, Defendant filed responses in opposition to Plaintiff's motions on October 24, 2012. (Doc. ## 108, 109). Plaintiff filed a response in opposition to each of Defendant's motions on October 25, 2012. (Doc. ## 110-115).

For the reasons that follow, the Court denies Plaintiff's Daubert motion (Doc. # 93), denies Plaintiff's motion in limine (Doc. # 94), grants as unopposed Plaintiff's motion for reimbursement of Mr. Teebagy (Doc. # 97), defers ruling on Defendant's motion for spoliation sanctions (Doc. # 92), denies Defendant's motion in limine to preclude cumulative and unreliable testimony (Doc. # 95), grants Defendant's motion in limine regarding Plaintiff's claimed lost wages (Doc. # 98), denies Defendant's motion in limine regarding Defendant's claimed "memory loss" (Doc. # 99), denies Defendant's motion in limine to prohibit Plaintiff from calling Christian Shallo as a witness (Doc. # 100), and denies Defendant's motion in

limine to require Plaintiff to elect his damage remedy prior to trial (Doc. # 101).

## I. Plaintiff's Daubert Motion to Exclude the Testimony of Randolph Blaine (Doc. # 93)

### A. Legal Standard

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993), this Court serves a gatekeeper role in evaluating the admissibility of expert evidence and testimony. In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999), the Court explained "Daubert's general holding-setting forth the trial judge's general 'gatekeeping' obligation-applies not only to testimony based on 'scientific'

knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." Id. Federal Rule of Evidence 702, governing the admissibility of expert evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Eleventh Circuit has adopted a three part analysis for determining whether expert testimony is admissible under Daubert and Federal Rule of Evidence 702. Under this analysis, expert evidence is admissible if the court finds: (1) the expert is competent and qualified to testify regarding the matters that he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the expert, through scientific, technical or specialized expertise, provides testimony that will assist the trier of fact to understand the evidence or determine a fact in issue. See Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003)(citations omitted).

A formal Daubert hearing is not necessary in all cases. Cook v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1113 (11th Cir.

2005)(the trial court is under no obligation to hold a Daubert hearing); United States v. Frazier, 387 F.3d 1244, 1274 n. 4 (11th Cir. 2004)("In some cases, an evidentiary hearing is unnecessary because the parties' reciprocal submissions are sufficient to enable the court to resolve the reliability issue without taking live testimony."). Neither party has requested a Daubert hearing and the Court determines that a Daubert hearing is not required to resolve the issues presented in Plaintiff's motion.

### B. Analysis

Plaintiff does not dispute that "Mr. Blaine has the requisite qualifications to testify as an engineer." (Doc. # 93 at 1). Accordingly, the Court finds that the first Daubert factor is not in dispute, and, thus, is satisfied here.

Rather, Plaintiff avers that Mr. Blaine's methodology is unreliable and that his testimony would not aid the jury in understanding the issues. Specifically, Plaintiff argues that Mr. Blaine's methodology is unsound because he did not perform any site inspection of the property in question and because he failed to consider relevant "facts" in his report.

The law grants a district court "substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable." United States v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999). Defendant asserts that Mr.

-5-

Blaine's methodology was "virtually identical to the methodology employed by [Plaintiff's experts]" and Defendant details the numerous documents Mr. Blaine reviewed during his analysis. (Doc. # 108 at 5-6).  Defendant, and Mr. Blaine in his affidavit, acknowledge that he did not inspect the site prior to issuing his report. (Doc. # 108; Blaine Aff. Doc. # 107-1 at 2). However, Mr. Blaine explains that he did not need to physically inspect the subject site because "[b]ased on [his] background, training and experience in the construction and engineering industry," he was able to obtain all necessary information from the provided documents. (Blaine Aff. Doc. # 107-1 at 3).  An expert may properly base his testimony on "professional studies or personal experience." Kumho Tire Co., Ltd., 526 U.S. at 152 (1999).

The Court concludes that Mr. Blaine's methodology meets the reliability test. See Bauman v. Centex Corp., 611 F.2d 1115, 1120-21 (5th Cir. 1980) (upholding a district court's admission of testimony of management consultant and CPA who based his testimony on a review of company files); Enercomp, Inc. v. McCorhill Pub., Inc., 873 F.2d 536, 550 (2d Cir. 1989) (upholding decision of district court admitting expert testimony where witness had considerable experience in the field and where "appellants had ample opportunity to elicit these facts and argue them to the jury"); Firestone Tire & Rubber Co. v. Pearson, 769 F.2d 1471, 1483

(10th Cir. 1985) (noting that where plaintiff argued that accountant expert witness testified on "'speculation derived from incomplete data,' admission of his testimony and opinions was not an abuse of discretion when 'he fully disclosed any inadequacies in the information he was relying on and he was subjected to a thorough cross-examination.'")(quoting Scholz Holmes, Inc. v. Wallace, 590 F.2d 860, 863 (10th Cir. 1979)).

Plaintiff also contends that Mr. Blaine's testimony is not reliable because he does not consider all relevant "facts" in his report. (Doc. # 93 at 1). However, an expert's conclusions "should not be excluded because he or she has failed to rule out every possible alternative cause." See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 265 (4th Cir. 1999). Furthermore, many of the "facts" Plaintiff cites are actually conclusions reached by Plaintiff's experts, and as such, Mr. Blaine is not required to consider these in his analysis.[1] Plaintiff's objections directed to the reliability of Mr. Blaine's conclusions go to the weight of his testimony, rather than its admissibility. See Maiz, 253 F.3d at 669 (noting that objections to methodology go to weight and

---

[1] For example, Plaintiff criticizes Mr. Blaine's report for failing to consider Mr. Koning's conclusion that "[a]n item so flushed from Plaintiff's unit would lack 'adequate vertical velocity' and such flushed item 'would most likely lodge in the horizontal piping immediately behind the integral trap of the water closet.'" (Doc. # 93 at 2-3)(quoting Koning Expert Report Doc. # 63-6 at 13).

sufficiency, not admissibility). Accordingly, this Court concludes that Mr. Blaine's proffered opinions satisfy the reliability requirement for admissibility.

Plaintiff also contends that Mr. Blaine's testimony is not admissible because it will not aid the trier of fact. Under Rule 702, properly qualified experts may testify in a given field if their testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." An expert's testimony will assist the trier of fact when it offers something "beyond the understanding and experience of the average citizen." <u>United States v. Paul</u>, 175 F.3d 906, 911 (11th Cir. 1999)(quoting <u>United States v. Rouco</u>, 765 F.2d 983, 995 (11th Cir. 1985)). The Court finds that Mr. Blaine's testimony, which is based on his extensive experience and knowledge in the construction and engineering fields and his analysis of relevant materials in this case, will assist the trier of fact in determining facts in issue, particularly regarding the cause of the sewer blockage. <u>TCBY Sys., Inc. v. RSP Co., Inc.</u>, 33 F.3d 925, 929 (8th Cir. 1994).

Accordingly, the Court concludes that Mr. Blaine's testimony satisfies the <u>Daubert</u> test and is admissible at trial and denies Plaintiff's motion accordingly.

## II.  Motion in Limine to Limit Defendant's Theory of the Case and Evidence to that Which She Disclosed in Discovery (Doc. # 94)

Plaintiff contends that Defendant "produced only 11 pages of non-responsive documents" in discovery and "brief, non-responsive answers to interrogatories." (Doc. # 94). In his motion in limine, Plaintiff argues that Defendant's theory of the case and evidence should be limited to that which she disclosed in discovery. In response, Defendant argues that all relevant documents have been disclosed or produced to Plaintiff and that Defendant has not withheld anything she intends to rely upon at trial. Further, Defendant avers that she does not intend to rely on any defense not included in her Answer & Affirmative Defenses.

The Court agrees with Defendant that Plaintiff's motion is due to be denied. The Court notes that there is no evidence that Defendant's interrogatory responses with which Plaintiff takes issue were untruthful or concealed information from Plaintiff. Moreover, although Plaintiff claims that Defendant's discovery responses were non-responsive and insufficient, Plaintiff never moved to compel better responses to his discovery requests. Finally, Plaintiff does not specify any specific theories of the case or evidence he would have the Court exclude; thus, it is unclear how the Court would actually enforce the ruling Plaintiff seeks. For these reasons, the Court denies Plaintiff's motion in limine to limit Defendant's theory of the case and evidence to that which she disclosed in discovery.

### III. Motion for an Order Requiring Defendant to Reimburse Kenneth Teebagy, P.E. (Doc. # 97)

Finally, Plaintiff requests the Court to order Defendant to reimburse expert witness Kenneth Teebagy's fees and costs in the amount of $1,668.96, pursuant to an agreement by Defendant's former counsel to do so. Defendant has not filed a response to this motion, and, therefore, the Court considers the motion unopposed. Accordingly, the Court grants the motion and orders Defendant to reimburse Mr. Teebagy's fees and costs in the amount of $1,668.96 on or before November 16, 2012.

### IV. Motion for Determination of Spoliation of Evidence and Appropriate Sanctions (Doc. # 92)

Defendant moves the Court for an order finding that Plaintiff has spoliated evidence in this case, specifically the garment retrieved from Plaintiff and Defendant's shared sewer line, and that sanctions are warranted. (Doc. # 92 at 1). Defendant requests the Court to dismiss the case, but in the event that the Court finds dismissal unwarranted, to enter an order excluding Plaintiff's experts from testifying at trial and/or issue a jury instruction on spoliation of evidence which raises a presumption against Plaintiff. Id. at 5.

In response, Plaintiff states that he "cannot represent to the Court on personal knowledge that there are -- or are not -- any remaining traces of the sewage backup, including the feces-

encrusted clothing fished out of the sewer." (Doc. # 115 at ¶ 13). Further, Plaintiff contends that he never instructed anyone to discard any evidence in this case. Id.  Accordingly, the Court cannot determine at this point whether any evidence has or has not been spoliated and what type of sanction may be warranted.  The Court, thus, defers ruling on the motion until trial when the presence or absence of the relevant garment will reveal and establish whether or not it has been destroyed.  In the event that the Court determines that sanctionable spoliation has occurred, the Court advises that it will not be inclined to impose the requested sanctions of dismissal or exclusion of experts, but will entertain arguments as to the efficacy of an appropriate jury instruction.

**V.    Motion in Limine to Preclude Cumulative and Unreliable Testimony (Doc. # 95)**

Defendant requests an order limiting the number of expert witnesses Plaintiff may call to testify as to the potential source of the garment retrieved from the sewer pipe in this matter. (Doc. # 95 at 1).  Defendant claims that Plaintiff's experts, Mr. Teebagy and Mr. Koning, as well as Mr. Sean Mason, will present cumulative, and therefore, prejudicial, testimony as to the source of the sewer line blockage. Defendant also contends that Mr. Mason was not sufficiently disclosed by Plaintiff as an expert witness during

-11-

discovery and that he does not meet the Daubert standard to qualify as an expert witness.

In response, Plaintiff explains that Mr. Mason was identified in Plaintiff's initial disclosures by his first name and his employer's name, because Plaintiff did not know Mr. Mason's last name at that time. (Doc. # 112 at 2). Plaintiff asserts that Mr. Mason was disclosed in Plaintiff's expert disclosures, again by identification of his employer, on April 16, 2012. Id. Accordingly, the Court finds that Mr. Mason was sufficiently disclosed to Defendant as a potential expert witness to allow him to testify at trial.

Regarding the admissibility of Mr. Mason's testimony as an expert, the Court finds that Mr. Mason's 10 years of experience in the plumbing profession are sufficient to qualify him as an expert in the plumbing field and that his testimony, as the person who retrieved the garment from the blocked sewer line, will aid the jury in determining relevant facts in this case. Where Mr. Mason's methods or conclusions may be lacking, such will go to Mr. Mason's credibility and Defendant will have the opportunity through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" to "attack[] shaky but admissible evidence." Daubert 509 U.S. at 596.

Finally, regarding the potential cumulative nature of the experts' testimony, Plaintiff points out several ways in which the experts' testimony and methods are different enough to allow each to testify at trial. (Doc. # 112 at 4-6). Accordingly, the Court will deny Defendant's motion and will allow Plaintiff's experts to testify. However, the Court reserves the right to revisit the issue if and as necessary during trial in the event that Plaintiff's experts' testimony becomes unnecessarily or overly redundant and impedes the progress of the trial.

## VI. Motion in Limine Regarding Plaintiff's Claimed Lost Wages Due to the Negligence of Defendant (Doc. # 98)

Next, Defendant moves for an order in limine precluding Plaintiff from introducing evidence or testimony that he has "lost wages" due to the claims at issue in this case. Defendant argues that under Florida law, lost wages are not recoverable for claims based solely on injury to property, absent any physical injury or illness. (Doc. # 98 at ¶ 7). The Court agrees and finds that Plaintiff is not entitled to recover any lost wages he has suffered during his prosecution of this case.

Had Plaintiff hired an attorney to represent him, he would not have "lost" at least a portion of his claimed lost wages while prosecuting this action because his attorney would have appeared in his place, allowing Plaintiff to continue earning his wages during

-13-

that time. Thus, Plaintiff is essentially trying to recover attorney's fees without a contractual or statutory basis. The Court is concerned that allowing Plaintiff to recover his "lost" wages here for time spend litigating this claim would open the door for all future plaintiffs to recover damages for their time spent out of work in depositions, hearings, trial, etc. The Court denies the motion accordingly.

**VII. <u>Motion in Limine Regarding Mrs. Anderson's Claimed "Memory Loss" (Doc. # 99)</u>**

Defendant next requests the Court to prevent Plaintiff from "mentioning, inferring or referring to [Defendant's] claimed 'memory loss' at the trial of this matter." (Doc. # 99 at 1). Defendant contends that she has not been diagnosed with any medical condition regarding memory loss and is not receiving any treatment for memory loss or any mental or physical infirmities. <u>Id.</u> In response, Plaintiff points out several instances from Defendant's deposition which Plaintiff contends demonstrate Defendant's memory loss and argues that Defendant's memory is a vital part of her credibility as a witness.

As there is no evidence that Defendant has been diagnosed with any medical condition causing memory loss, the Court determines that Plaintiff should not be allowed to refer to any "memory loss" on Defendant's part as though it is a diagnosis, condition, or a

-14-

fact that has been stipulated to or already established.  However, as Defendant's memory goes to her credibility as a witness, Plaintiff should be allowed to freely and extensively question Defendant and other relevant witnesses as to Defendant's memory, and, with the caveat explained above, the Court will deny Defendant's motion.

**VIII.    Motion in Limine to Prohibit Plaintiff from Calling Christian Shallo as a Witness at the Trial of this Matter (Doc. # 100)**

Defendant next moves for an order prohibiting Plaintiff from calling Christian Shallo as a witness, because Defendant contends that "Defendant has stipulated to all of the facts and opinions regarding the costs of repair that Plaintiff intends to elicit from Mr. Shallo at the trial of this matter."  (Doc. 100 at 1). However, Plaintiff explains in response that Mr. Shallo's expected testimony will go beyond those matters to which Defendant has stipulated including "the hazardous nature of the contamination . . ., the fact that the contamination began 30 days prior to the date of its discovery on May 1, 2011, refuting any implication that the Plaintiff's unit, which was vacant at this time, was the source of the blockage, the fact that the blockage was not long-standing, and the description of the immediate health hazard . . . and the facts surrounding the necessity for extreme biohazard protection measures to protect the cleanup workers." (Doc. # 113 at 2).  Based

on this, the Court is satisfied that Mr. Shallo's expected testimony extends beyond those matters to which Defendant has previously stipulated such that his testimony will not be unnecessary, irrelevant, or cumulative, and denies the motion accordingly.

### IX. Require Plaintiff to Elect his Damage Remedy Prior to the Trial of this Matter (Doc. # 101)

Finally, Defendant argues that Plaintiff should be required to elect his damage remedy -- either the cost of restoration of the property or the diminution in value of his property -- prior to trial because according to Defendant, Plaintiff cannot collect both under Florida law. Defendant in response contends that Florida law allows him to recover both the cost of restoration and "stigma" damages, equal to the "reduction in value caused by contamination resulting from the increased risk associated with the contaminated property." (Doc. # 110 at 2)(quoting Finklestein v. Dep't of Transp., 656 So. 2d 921, 924 (Fla. 1995)).

Although there appears to be little relevant law on the subject, the case of Bisque Assocs. v. Towers of Quayside, 639 So. 2d 997 (Fla. 3d DCA 1994), provides instruction. As explained in Bisque, under Florida law, where an injury to property is only temporary in nature, damages are limited to the costs of repair and restoration, unless such costs of repair exceed the value of the

-16-

property in its original condition or where restoration is impracticable, in which case the measure of damages is diminution in value. Id. at 999. However, where a property injury is shown to be permanent in nature, due to "permanent impairment of market value" for example, a plaintiff may in fact recover "stigma" damages in addition to the cost of repair. Id. Pursuant to Bisque, the question of whether a property injury is temporary or permanent in nature, and thus, what damages are recoverable, is a question of fact for determination by the jury if the pleadings allow. Id. The Court sees no reason here why the pleadings would not allow the jury to determine such issue, and accordingly, the Court determines that Plaintiff is not required to elect his remedy prior to trial, but rather, the issue is appropriately reserved for determination by the jury. Thus, the Court denies Defendant's motion in limine accordingly.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff's Daubert Motion to Exclude the Testimony of Randolph Blaine (Doc. # 93) is denied.

(2) Plaintiff's Motion in Limine to Limit Defendant's Theory of the Case and Evidence to that Which She Disclosed in Discovery (Doc. # 94) is denied.

(3) Plaintiff's Motion for an Order Requiring Defendant to Reimburse Kenneth Teebagy, P.E. (Doc. # 97) is granted as unopposed. Defendant is ordered to reimburse Mr. Teebagy's fees and costs in the amount of $1,668.96 on or before November 16, 2012.

(4) Ruling on Defendant Lois N. Anderson's Motion for Determination of Spoliation of Evidence and Appropriate Sanctions (Doc. # 92) is deferred until trial.

(5) Defendant's Motion in Limine to Preclude Cumulative and Unreliable Testimony (Doc. # 95) is denied.

(6) Defendant's Motion in Limine Regarding Plaintiff's Claimed Lost Wages Due to the Negligence of Defendant (Doc. # 98) is granted.

(7) With the caveat explained herein, Defendant's Motion in Limine Regarding Mrs. Anderson's Claimed "Memory Loss" (Doc. # 99) is denied.

(8) Defendant's Motion in Limine to Prohibit Plaintiff from Calling Christian Shallo as a Witness at the Trial of this Matter (Doc. # 100) is denied.

(9) Defendant's Motion in Limine to Require Plaintiff to Elect his Damage Remedy Prior to the Trial of this Matter (Doc. # 101) is denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of November, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record