UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER A. STERBENZ,

        Plaintiff,

v.                          Case No.  8:11-cv-1159-T-33TBM

LOIS N. ANDERSON,

        Defendant.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Lois N. Anderson's Motion to Amend Judgment to Reflect Setoff (Doc. # 147) filed on November 9, 2012. Plaintiff Christopher A. Sterbenz filed a response in opposition to the motion (Doc. # 148) on November 23, 2012.  Also before the Court is Anderson's Motion for New Trial (Doc. # 150) filed on December 3, 2012, to which Sterbenz filed a response in opposition (Doc. # 151) on December 5, 2012.

After due consideration and for the reasons that follow, the Court denies the Motion for New Trial and denies the Motion to Amend Judgment.

**I.   Background**

Plaintiff Christopher Sterbenz initiated this action on May 25, 2011, alleging one count for negligence against Defendant Lois N. Anderson, arising out of damages sustained

by his condominium unit from a sewage backup. (Doc. # 1).
Sterbenz alleged that Anderson, who owns the condominium unit
directly above Sterbenz's, flushed an inappropriate item --
specifically a clothing garment -- down her toilet, where it
became lodged in the sewer line shared by both condominiums,
causing the sewage to back up and overflow through Sterbenz's
toilet and into his condominium.  On June 20, 2011, Anderson
filed an Answer and alleged several affirmative defenses
including comparative negligence and collateral source setoff.
(Doc. # 7).

On November 28, 2011, Anderson filed a third-party
complaint against Westchester Lake Condominium Association,
Inc. and Ameri-Tech Realty, Inc. alleging negligence and
common law indemnification. (Doc. # 19).  After receiving
leave from the Court, Sterbenz filed an amended complaint on
January 3, 2012, to add negligence, contract, and quasi-
contract claims against Westchester and a negligence claim
against Ameri-Tech. (Doc. # 23).

The parties mediated the case on April 23, 2012, before
Rex Delcamp, Esq., at which Sterbenz reached a partial
settlement of his claims against Westchester. (Doc. ## 46,
48).  Sterbenz filed a notice of voluntary dismissal of his
claims against Westchester and Ameri-Tech on May 14, 2012

(Doc. # 51), and Anderson subsequently dismissed her third party complaint against them on August 28, 2012 (Doc. # 71).

The case proceeded to trial on November 5, 2012, during which the Court denied Anderson's motion for sanctions for Sterbenz's loss of the garment that had been retrieved from the sewer line and denied Anderson's request for a comparative negligence instruction. (Doc. # 144). On November 6, 2012, the jury returned a verdict in favor of Sterbenz awarding him $69,689.00 in damages. (Doc. # 142). The Clerk entered Judgment in Sterbenz's favor that same day. (Doc. # 143).

On November 9, 2012, Anderson filed the instant Motion to Amend Judgment, seeking a setoff from the amount of damages the jury awarded against Anderson for the amounts Westchester paid Sterbenz in settlement. (Doc. # 147). Anderson also filed the instant Motion for New Trial, arguing that the Court's failure to give an adverse inference jury instruction as a spoliation sanction and refusal to give a comparative negligence jury instruction unduly prejudiced her, warranting a new trial. (Doc. # 150). These motions are now before the Court.

## II.  **Motion for New Trial**

### A.    **Legal Standard**

-3-

Federal Rule of Civil Procedure 59 governs motions for a new trial and generally provides that a new trial may be granted "on all or some of the issues -- and to any party -- . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59.  The Supreme Court has noted that a party may seek a new trial on grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

By her present motion, Anderson seeks a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, arguing that the Court rendered two erroneous rulings in this matter that prejudiced Anderson: (1) the Court's denial of Anderson's request for spoliation sanctions; and (2) the Court's refusal to give a comparative fault jury instruction.

**B.   Spoliation Sanctions**

Prior to trial, on October 15, 2012, Anderson filed a Motion for Determination of Spoliation of Evidence and

-4-

Appropriate Sanctions (Doc. # 92), requesting the Court to impose sanctions against Sterbenz due to his failure to preserve evidence, specifically the garment retrieved from Anderson's and Sterbenz's shared sewer line.  Anderson requested the Court to dismiss the case, or in the alternative, to enter an order excluding Sterbenz's experts from testifying at trial and/or issue a jury instruction on spoliation of evidence which raises an adverse presumption against Sterbenz. Id. at 5.

On November 2, 2012, the Court entered an Order which, among other things, deferred ruling on Anderson's motion until trial. (Doc. # 132).  Specifically, the Court noted that Sterbenz could not confirm at that point whether the garment had been destroyed, and, thus, the Court could not determine at that point whether any evidence had in fact been spoliated. Id. at 10-11. The Court thus deferred ruling on the motion until trial "when the presence or absence of the relevant garment would reveal and establish whether or not it has been destroyed." Id. at 11.

At trial, the garment was not provided by Sterbenz, thus, revealing that it had in fact been disposed of.  Accordingly, the Court heard arguments from the parties regarding whether sanctions were appropriate.  After hearing arguments from the

parties, the Court determined that the disposal of the garment did not constitute sanctionable spoliation and orally denied Anderson's motion for sanctions. (Doc. # 144).

In her present motion, Anderson argues that she was prejudiced by the absence of the garment at trial and asserts that a new trial is warranted based on the Court's refusal to give an adverse inference jury instruction. The Court does not find Anderson's argument persuasive.

The decision whether to impose spoliation sanctions is committed to the discretion of the Court. See United States v. Lanzon, 639 F.3d 1293, 1302 (11th Cir. 2011). "In this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997)(citation omitted). Further, "mere negligence in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." Id. (internal quotations and citations omitted).

As in his response to Anderson's motion, Sterbenz maintained at trial that he did not know who had disposed of the garment, that it could have been inadvertently disposed of by any of the many workers repairing his condominium, and that

-6-

he did not give anyone instructions or permission to destroy it. Anderson did not present any evidence to refute Sterbenz's contentions; thus, the Court determined that Anderson provided no probative evidence indicating that Sterbenz purposely lost or destroyed the garment. Rather, the garment appeared to have been lost only through Sterbenz's negligent failure to preserve it, which was an insufficient basis for the imposition of spoliation sanctions.

In her present motion, Anderson does not provide any new evidence suggesting that Sterbenz purposely destroyed or lost the garment. Instead, Anderson essentially reargues that which the Court previously considered and found lacking. Anderson appears to concede that there is no direct evidence of intentional spoliation on Sterbenz's part and urges the Court to determine via circumstantial evidence that Sterbenz acted in bad faith in allowing the garment to be destroyed. Anderson cites Walter v. Carnival Corp., NO. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010), for the proposition that

> [i]f direct evidence of bad faith is unavailable, bad faith may be founded on circumstantial evidence when the following criteria are met: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be

> lost; (3) the spoliating party did so while it knew
> or should have known of its duty to preserve the
> evidence; and (4) the affirmative act causing the
> loss cannot be credibly explained as not involving
> bad faith by the reason proffered by the
> spoliator.

Id. at *2.

However, Anderson has not satisfied the enumerated criteria because she has not provided any evidence indicating that Sterbenz engaged in any affirmative act causing the garment to be lost. The court in Walter in fact reached the same conclusion, finding that

> the plaintiff has failed to present direct or
> circumstantial evidence demonstrating Carnival's
> bad faith in losing the chair, or evidence showing
> that Carnival engaged in an intentional affirmative
> act causing the chair to be lost. In fact, it
> appears just as likely, if not more so, that the
> chair was lost because of negligence, or an
> oversight by an oblivious crew member in the chain
> of custody, particularly since Carnival willingly
> produced other evidence demonstrating the
> construction and condition of the broken chair.

Id. at *3.

As in Walter, the evidence presented shows that Sterbenz provided Anderson access to the garment for inspection and photographs prior to trial, and that Anderson did in fact examine and photograph the garment at that time. In light of this, while Sterbenz's failure to maintain the garment for presentation at trial was certainly imprudent, the Court

cannot say that his actions or inactions amounted to bad faith as required to impose an adverse inference spoliation sanction. Accordingly, Anderson's Motion for a New Trial on these grounds is denied.

### C.   Comparative Negligence Jury Instruction

Next, Anderson argues that she is entitled to a new trial based on the Court's refusal to give a comparative negligence jury instruction. The comparative negligence jury instruction proposed by Anderson provides as follows:

> The claims and defenses in this case are as follows. Christopher Sterbenz claims that Lois Anderson was negligent in flushing a piece of clothing down her toilet, which caused damage to Mr. Sterbenz's property.
>
> Lois Anderson denies that claim and denies having flushed any clothing items down her toilet at any time or otherwise introducing such items into the sewage system. Lois Anderson also claims the damage resulted from the negligent actions or omissions of Christopher Sterbenz.
>
> Specifically, Lois Anderson claims that the damage was caused by the negligent actions or omissions of Christopher Sterbenz.
>
> The parties must prove their claims or defenses by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

(Doc. # 150 at 13).

After the close of testimony and after hearing arguments from the parties, the Court declined to give this instruction

-9-

upon finding that there was no evidence of comparative negligence on Sterbenz's part.

"Comparative negligence . . . is a device designed to allow compensation for plaintiffs who may themselves be partly negligent, instead of eliminating their recovery altogether under the common law doctrine of contributory negligence." Dep't of Transp. v. Webb, 409 So. 2d 1061, 1063 (Fla. 1st DCA 1981). Thus, comparative negligence requires some additional, separate negligence on the part of the plaintiff, such as when a plaintiff sues for injuries sustained in a car accident but his damages are reduced due to the fact that his injuries were exacerbated by his failure to wear a seatbelt.

The evidence in this case established that the damage to Sterbenz's condominium was caused by a garment that had been flushed down either Anderson's toilet or Sterbenz's toilet and subsequently became lodged in the sewer line shared by Sterbenz's and Anderson's condominiums. Anderson did not argue or present any evidence demonstrating that Sterbenz may have been negligent in any other way to cause or exacerbate the damage to his condominium. Thus, Anderson's argument and proposed jury instruction amount to simply a denial that she was the person who flushed the garment down the toilet and a contention that Sterbenz, or an unknown intruder in his unit,

was in fact the party responsible for the garment being flushed down the toilet. Based on the impossibility that the garment could have been partly flushed down Anderson's toilet and partly flushed down Sterbenz's toilet, the Court determined that the garment could not have been negligently flushed down the toilet by both parties. Accordingly, the Court determined that a comparative negligence jury instruction was not appropriate.

In her present motion, Anderson does not present any new evidence demonstrating that Sterbenz committed any additional, separate negligence that contributed to the damage his condominium sustained. Rather, Anderson merely reiterates her assertion that the comparative negligence instruction should have been given because of the possibility that the garment could have been flushed from Sterbenz's condominium instead of hers. However, for the reasons explained above, the Court again finds Anderson's argument unavailing as it does not provide any basis for *comparative* negligence on Sterbenz's part and, instead, amounts only to a denial of Anderson's fault. However, if the jury had concluded that Sterbenz or some unknown person in his unit had flushed the offending garment down his toilet, then the jury would have found in favor of Anderson.

-11-

As the jury was able to properly and fully evaluate whether Anderson was negligent after considering the jury instructions and verdict form that were given, the Court finds that a comparative negligence jury instruction was not appropriate.  Thus, a new trial is not warranted based on the Court's refusal to give the inappropriate jury instruction, and Anderson's motion is denied on these grounds accordingly.

III. **Motion to Amend Judgment for Setoff**

A.   **Legal Standard**

The decision to alter or amend a judgment pursuant to Rule 59(e) is committed to the sound discretion of the trial court.  Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238 (11th Cir. 1985).  A Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that were available prior to the entry of judgment.  Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 759 (11th Cir. 2005).

"However, in tort actions allowing for a setoff under sections 768.041 and 46.015, [Florida Statutes,] setoff is not an affirmative defense to be considered by the jury but is a determination regarding damages to be made by the court after the verdict is rendered."  Felgenhauer v. Bonds, 891 So. 2d 1043, 1045 (Fla. 2d DCA 2004).

B.   **Analysis**

Following the jury's verdict finding Anderson liable, the Clerk entered a Judgment in Sterbenz's favor in the amount of $69,689.00.  (Doc. # 143).  In her Motion to Amend Judgment, Anderson requests the Court to amend the Judgment to reflect Sterbenz's receipt of settlement funds from former defendant Westchester.  Anderson does not know how much Sterbenz received in settlement of his claims and the parties dispute whether the confidentiality of the settlement agreement has been waived.

Anderson argues that she is entitled to a setoff pursuant to Sections 46.015(2) and 768.041(2), Florida Statutes. Section 46.015 provides:

> Release of parties.-
> . . .
>
> (2) At trial, if any person shows the court that the plaintiff, or his or her legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment.

§ 46.015(a), Fla. Stat.  Section 768.041 similarly provides:

> Release or covenant not to sue.-
>
> . . .

-13-

(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.

§ 768.041(2), Fla. Stat.

Relying on D'Angelo v. Fitzmaurice, 863 So. 2d 311 (Fla. 2003), Anderson argues that she is entitled to set off the settlement paid by Westchester from the amount of damages the jury awarded Sterbenz. In D'Angelo, the plaintiff reached a settlement with one defendant prior to trial and the non-settling defendant sought to set off this amount from the damages the jury awarded against the non-settling defendant. Id. at 312-13. The Florida Supreme Court determined that the defendant was not entitled to a setoff against the jury's noneconomic damages award but was entitled to a setoff against the jury's economic damages award. Id. at 318. The Supreme Court based its distinction on the fact that, at that time, joint and several liability had been eliminated for noneconomic damages "but the setoff statutes continue to apply to economic damages for which parties continue to be subject to joint and several liability." Id. at 316.

-14-

The parties agree that the damages awarded Sterbenz in this case are economic.  However, Sterbenz argues that D'Angelo no longer supports Anderson's position because the Florida Legislature subsequently abolished joint and several liability for all negligence claims, regardless of whether the damages are economic or noneconomic in nature.  See Section 768.81(3), Fla. Stat.[1]  Thus, argues Sterbenz, the Florida Supreme Court's reason for denying setoffs from noneconomic damages in D'Angelo, i.e., the elimination of joint and several liability for such damages, should now be extended to apply to economic damages also, given that joint and several liability has since been eliminated for economic damages as well.

The Court need not make such a determination here, because the Court determines that the facts of the instant case are distinguishable from those in D'Angelo. Specifically, D'Angelo analyzed a situation in which a non-settling tortfeasor sought to set off amounts paid by another tortfeasor in settlement of the medical malpractice tort

---

[1]     Section 768.81(3), Florida Statutes, provides that "In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability."

claims against both of them.   However, in the instant case, the non-settling tortfeasor, Anderson, seeks to set off amounts paid by Westchester in settlement of separate *contract* claims brought against Westchester only.

The Amended Complaint in this case alleged causes of action against Anderson for negligence (Count I), against Westchester for negligence (Count II), breach of declaration of condominium and failure to maintain common areas (Count III), and quantum meruit (Count IV), and against Ameri-Tech for negligence (Count V).  (Doc. # 23).  After settling with Westchester at mediation, Sterbenz filed a Rule 41(a) stipulation of voluntary dismissal of his claims against both Westchester and Ameri-Tech.  (Doc. # 51).   However, the stipulation expressly states that:

> Counts 2 (alleging negligence by Defendant Westchester Lake Condominium Association, Inc.) and 5 (alleging negligence by Defendant Ameri-Tech Realty, Inc.) are dismissed with prejudice *without any consideration*.   Counts 3 and 4 (alleging contract claims against Westchester) *have been the subject of a settlement agreement* between Plaintiff and Westchester and are also dismissed with prejudice.

(Doc. # 51)(emphasis added).   Additionally, the Court's *in camera* review of the settlement agreement confirms that it was executed in settlement of Counts 3 and 4 only.

-16-

Florida's setoff statutes "presuppose[] the existence of multiple defendants jointly and severally liable for the same damages." D'Angelo, 863 So. 2d at 314.  "In short, only payments made by joint tortfeasors, *i.e.*, persons jointly liable with the nonsettling defendant, qualify for a setoff under section 768.041." Nationsbank, N.A. v. KPMG Peat Marwick LLP, 813 So. 2d 964, 969 (Fla. 4th DCA 2002).  Thus, under Florida law, "the right of setoff set forth in Section 768.041 . . . applies only where the co-defendant's settlement is for the same tort or injury as the one committed or caused by the tortfeasor seeking setoff." Lapidus v. Citizens Fed. Sav. & Loan Ass'n, 389 So. 2d 1057, 1058 (Fla. 3d DCA 1980).  "[T]o the extent that the jury's verdict was in part or in whole an award of damages on account of a breach of contract, a distinct cause of action brought against [the non-settling defendant] only, Sections 768.041 and 768.31(5), Florida Statutes, expressly restricted to torts, are inapplicable." Id.

Here, the amount paid by Westchester was paid in settlement of the separate contract claims Sterbenz brought solely against Westchester and not the negligence claim for which Anderson was found liable.  Thus, in this situation, setoff is not available because the settlement was not for the

-17-

same tort -- or any tort -- as the one committed or caused by Anderson.

Florida courts have held similarly in analogous situations. For example, in Osheroff v. Rauch Weaver Millsaps & Co., 882 So. 2d 503 (Fla. 4th DCA 2004), a real estate broker sued certain property buyers and sellers after the sellers failed to pay the broker a commission. The jury found in favor of the broker and against the sellers on a breach of contract claim, against the buyers on a tortious interference claim, and against both the buyers and sellers on a civil conspiracy claim. Id. at 505-06. The broker then settled with the sellers, and the buyers sought to set off the settlement amount from the tortious interference and civil conspiracy awards assessed against them. Id. at 506.

The Osheroff court, however, denied the setoff request, upon finding that the buyers could not be jointly liable on the breach of contract count brought against the seller. The court explained that "the [buyers] cannot be jointly liable with the [sellers] for any breach of contract claim because the [buyers] had no agreement with the brokers to be responsible for any brokerage fees." Id.

Anderson likewise cannot be jointly liable with Westchester for the contract claims alleged against it because

Anderson had no contractual duty to maintain the condominium complex's common areas, including the sewer lines.   Again, Anderson is "required to support [her] claim to setoffs on a showing that the recoveries from the designated settlements were joint obligations with [her] debt for [negligence]." KPMG Peat Marwick LLP, 813 So. 2d at 971.  As Anderson has not and cannot establish any joint obligation on her part on the contract claims Westchester settled, the Court finds that Anderson is not entitled to a setoff under Florida law.

Regarding Anderson's contention that denying a setoff will result in an impermissible windfall for Sterbenz, the Court is not convinced.   In Osheroff, the court noted that "settlement of a breach of contract action does not preclude recovery on a tortious interference claim involving the same contract because while the damages recoverable by each cause of action are overlapping, they are not necessarily co-extensive."  Id.

Furthermore, the Florida Supreme Court has expressly rejected the argument that a potential windfall necessarily requires a setoff.  See D'Angelo, 863 So. 2d at 318 ("The windfall argument was rejected in Wells, and we again reject the argument.").  As explained in D'Angelo:

-19-

>      Settlement dollars are not synonymous with damages
> but merely a contractual estimate of the settling
> tortfeasor's liability; they include not only
> damages but also the value of avoiding the risk and
> expense of trial.   Given these components of a
> settlement, there is no conceptual inconsistency in
> allowing a plaintiff to recover more from a
> settlement or partial settlement than he could
> receive as damages.

Id. (quoting Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.,

659 So. 2d 249, 252 (Fla. 1995)).   Accordingly, any potential

"windfall" that Sterbenz may receive does not require or

entitle Anderson to a setoff in this case.

Thus, for the reasons explained above, the Court

determines that setoff is not required or available in this

case and Anderson's Motion to Amend Judgment to Reflect Setoff

is due to be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1)  Defendant Lois N. Anderson's Motion for New Trial (Doc.

# 150) is **DENIED.**

(2)  Anderson's Motion to Amend Judgment to Reflect Setoff

(Doc. # 147) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

28th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-20-

Copies to: All Counsel of Record